To:

    Twin State Railroad Corporation
    Stafford Avenue
    Morrisville, Vermont  05661

with a copy to:

    Robert A. Gensburg, Esq.
    Gensburg & Axelrod
    101 Eastern Avenue
    P.O. Box 189
    St. Johnsbury, Vermont 05819

To:

    Lamoille Valley Railroad Company
    Stafford Avenue
    Morrisville, Vermont 05661

with a copy to:

    Robert A. Gensburg, Esq.
    Gensburg & Axelrod
    101 Eastern Avenue
    P. O. Box 189
    St. Johnsbury, Vermont 05819

To:

    Maine Central Railroad Company
    242 St. John Street
    Portland, Maine 04102

with copies to:

    James E. Howard, Esq.
    Kirkpatrick, Lockhart, Johnson & Hutchison
    1500 Oliver Building
    Pittsburgh, Pennsylvania 15222

    and

    Guilford Transportation Industries, Inc.
    171 Orange Street
    New Haven, Connecticut 06510

X. NO WAIVER; CUMULATIVE REMEDIES

No failure to exercise, and no delay in exercising on the part of any party of, any right, power or privilege hereunder shall operate as a waiver thereof. No single or partial exercise of any right, power, or privilege hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies of the parties hereunder are cumulative and not exclusive of any rights or remedies provided by law, and all such rights and remedies may be exercised singly or concurrently.

XI. ASSIGNMENT

This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. TSR shall not assign this Agreement or any portion hereof except upon the prior, written consent of MEC.

XII. GUARANTY BY LVRC

LVRC hereby (i) guaranties the performance by TSR of its duties, covenants and obligations under this Agreement and (ii) if TSR fails to perform such duties or obligations or to fulfill such covenants or if there is a default by TSR

- 17 -

hereunder, consents to the enforcement by MEC against LVRC of any such duties, covenants and obligations and to the exercise of any rights, powers, remedies or privileges available hereunder or at law.

XIII. EFFECTIVE DATE

This Agreement shall become effective (the "Effective Date") only upon the occurrence of both of the following conditions precedent:

(a) the litigation by LVRC, Vermont and Eastern Magnesia Talc Company relating to the acquisition of B&M, including the matter relating to LVRC remanded to the Interstate Commerce Commission ("ICC") pursuant to <u>Lamoille Valley Railroad Co. v. ICC</u>, 711 F.2d 295 (D.C. Cir. 1983), shall have been terminated and dismissed with prejudice by the ICC and any courts having jurisdiction over such matters; and

(b) this Agreement, the Settlement Agreement and any transactions contemplated hereby or thereby shall have received such approvals, if any, as may be required by the ICC, Vermont or New Hampshire or

shall have been exempted from approvals, in each case by orders which have become final.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered on the day and year first above written.

Attest:

_____

MAINE CENTRAL RAILROAD COMPANY

By _____
      John F. Guinley

Attest:

_____

LAMOILLE VALLEY RAILROAD COMPANY

By _____
      Robert A. Gensburg
         President

and

By _____
      Edward A. Lewis
      General Manager

Attest:

_____

TWIN STATE RAILROAD CORPORATION

By _____

- 19 -

APPENDIX A
PAGE 1

## AGREEMENTS - WHITEFIELD, N.H. TO ST. JOHNSBURY, VT.

| Name | Description | Agreement Date | Annual Rent |
|---|---|---|---|
| **Whitefield, N.H.** | | | |
| Hennessey, Herbert | Land Lease | 5/17/65 | 10.00 |
| Hutchins, Roger W. | " " | 12/10/79 | 45.00 |
| McIntyre, Douglas | " " | 5/ 1/60 | 10.00 |
| Stiles, Robert | " " | 5/ 1/70 | 108.00 |
| Way, Ralph A. | " " | 8/ 5/76 | 25.00 |
| New England Tel & Tel Co. | Wires | 12/ 1/46 | 15.00 |
| New England Tel & Tel Co. | U.G. Cable | 12/20/61 | 38.00 |
| New England Tel & Tel Co. | Aerial Cable | 12/10/71 | - |
| Public Service Co. of N.H. | 115 KV Line | 5/27/68 | 65.00 |
| Bray, E. C. | Water Pipe | 10/20/28 | - |
| Town of Whitefield | Sewer | 8/16/95 | - |
| Town of Whitefield | Sewer | 7/25/06 | - |
| Town of Whitefield | Sewer | 6/16/23 | - |
| Town of Whitefield | Sewer | 9/ 5/30 | - |
| Town of Whitefield | Sewer | 5/ 6/32 | - |
| Whitefield Mfg. Co. | Water Pipe | 6/25/12 | - |
| **Dalton/Scotts, N.H.** | | | |
| White, C. N. | Post Brook | 4/28/10 | - |
| New England Tel & Tel Co. | Wires | 12/ 1/46 | 15.00 |
| New England Tel & Tel Co. | Cables | 4/18/73 | - |
| New England Tel & Tel Co. | Wires | 5/22/74 | 25.00 |
| New England Tel & Tel Co. | Cables | 9/ 1/75 | - |
| New England Tel & Tel Co. | Wires | 9/15/75 | 25.00 |
| Public Service Co. of N.H. | 110,000 Volt Line | 3/ 8/48 | 65.00 |
| Public Service Co. of N.H. | 33 KV Line | 8/25/53 | 40.00 |
| Public Service Co. of N.H. | 115 KV Line | 9/25/58 | 65.00 |
| Public Service Co. of N.H. | 7200 Volt Line | 12/ 1/75 | 50.00 |
| Twinstate Gas & Elect. Co. | Wires | 10/ 6/23 | Decree |
| Morin, George | Water Pipe | 10/23/29 | - |
| Cloutier, Leon | Pipe | 9/13/26 | - |
| Brooks, George | Temp. Crossing | 9/20/73 | - |
| Dorsey, B. S. | Temp. Crossing | 4/ 9/81 | 95.00 |
| White, R. R. | Temp. Crossing | 6/ 9/81 | 95.00 |
| **Lunenburg, VT.** | | | |
| New England Tel & Tel Co. | Wires | 8/11/47 | 45.00 |
| New England Power Co. | Trans. Line | 1/21/55 | 5.00 |
| Central Vt. Public Service | Wires | 7/ 1/63 | 5.00 |
| Smith, O. R. | Sewer | 8/28/23 | - |

APPENDIX A
PAGE 2

| Name | Description | Agreement Date | Annual Rent |
|---|---|---|---|
| **Gilman, VT.** | | | |
| Georgia Pacific Corp. | Yard Tracks | 1/16/78 | Ind.Owned |
| Georgia Pacific Corp. | 8" Water Pipe | 8/ 8/22 | – |
| Georgia Pacific Corp. | 8" Sewer | 7/ 8/24 | – |
| Georgia Pacific Corp. | Steam & Wtr.Pipes | 5/22/36 | – |
| Georgia Pacific Corp. | Wtr.& Sewer Pipes | 11/25/47 | – |
| Georgia Pacific Corp. | Hopper & Conveyors | 11/25/47 | – |
| Georgia Pacific Corp. | Private Crossings | 4/20/78 | – |
| Bernard, P. | Water | 10/27/23 | – |
| **East Concord, VT.** | | | |
| Ranney, S. C. | 1/2" Water Pipe | 7/12/16 | – |
| **Miles Pond, VT.** | | | |
| Caldbeck-Cosgrove Corp. | Water Pipe | 9/22/22 | – |
| State of Vermont | " " | 10/15/68 | 10.00 |
| Renfrew, E. R. | Foot Crossing | 6/10/71 | – |
| **No. Concord, VT.** | | | |
| Copp, Carroll D. | Land Lease | 11/ 1/56 | – |
| Copp, Carroll D. | Water Pipe | 11/ 1/56 | – |
| Copp, Carroll D. | 2" Water Pipe | 10/15/69 | 10.00 |
| Johnson Lumber Co. | 3/4" Water Pipe | 12/ 7/37 | – |
| State of Vermont | Conduit | 3/10/38 | – |
| Central Vt. Public Service | Guy Wire | 5/ 8/47 | – |
| **Concord, VT.** | | | |
| Central Vt. Public Service | Wires | 7/ 8/49 | 5.00 |
| New England Tel & Tel Co. | " | 4/ 1/48 | 15.00 |
| New England Tel & Tel Co. | " | 12/10/57 | 15.00 |
| New England Tel & Tel Co. | Guy Wires | 12/10/57 | 15.00 |
| New England Tel & Tel Co. | Aerial Cable | 6/15/57 | 25.00 |
| Hood, H. P. & Sons | Water Pipe | 12/ 9/19 | – |
| Lewis, E. C. | Water Pipe | 4/23/17 | – |
| Village of Concord | Sewer | 9/28/15 | – |
| **East St. Johnsbury, VT.** | | | |
| Congregational Church | Sewer | 10/26/21 | – |
| Croteau, Paul | Water Pipe | 9/ 1/53 | 5.00 |
| Lee, H. J. | Sewer | 7/18/14 | – |

APPENDIX A
PAGE 3

| Name | Description | Agreement Date | Annual Rent |
|---|---|---|---|
| **St. Johnsbury, VT.** | | | |
| Dolgin, Steven | Land Lease | 7/16/79 | 25.00 |
| Gravelin, Elmer | " " | 7/ 1/61 | 14.00 |
| Judd, Alfonso R. | " " | 8/ 1/81 | 25.00 |
| Lewisburg Chair Co. | " " | 4/ 1/61 | 5.00 |
| Maple Grove, Inc. | " " | 3/31/69 | 135.00 |
| Murphy, Bernard J. | " " | 7/29/66 | 90.00 |
| Peck Co., The | " " | 5/ 1/61 | 75.00 |
| Sangravco, Lawrence, Inc. | " " | 9/20/78 | 25.00 |
| Vermont Salvage Corp. | " " | 7/10/61 | 15.00 |
| Colt Industries, Inc. | Tracks 16 & 18 | 9/22/66 | Ind.Owned |
| Maple Grove/Peck Co. | Track 5 | 12/ 5/69 | " " |
| Rossi, Alan D. | Track 10 | 2/23/81 | " " |
| True Temper Corp. | 613 Ft. Track 8 | 7/11/49 | " " |
| True Temper Corp. | 45 Ft. Track 8 | 9/ 1/49 | " " |
| Vermont Salvage Corp. | 250 Ft. Track 14 | 7/ 1/55 | " " |
| Vermont Salvage Corp. | 450 Ft. Track 14 | 4/ 5/52 | " " |
| Central Vt. Public Service | Wires | 7/ 3/47 | |
| Central Vt. Public Service | " | 1/20/49 | 5.00 |
| Central Vt. Public Service | " | 11/14/50 | 5.00 |
| Central Vt. Public Service | " | 10/20/59 | 5.00 |
| Central Vt. Public Service | 7200 Volt Line | 9/ 8/66 | 5.00 |
| Central Vt. Public Service | 34.5 KV Line | 1/12/67 | 25.00 |
| New England Tel & Tel Co. | Wires | 1/ 3/49 | 40.00 |
| New England Tel & Tel Co. | Aerial Cable | 6/17/81 | 15.00 |
| New England Tel & Tel Co. | Cables | 4/15/82 | 25.00 |
| New England Tel & Tel Co. | Guy Wires | 6/17/82 | – |
| Sangravco, Lawrence, Inc. | 120 Volt Line | 6/15/76 | 25.00 |
| St. Johnsbury Comm. Tele. | Wires | 3/20/67 | 25.00 |
| Vermont Elect. Power Co. | 115 KV Line | 4/10/72 | 25.00 |
| Carpenter, C. W. | 1½" Water Pipe | 7/ 6/60 | 150.00 |
| Colt Industries, Inc. | 4" Water Pipe | 1/12/66 | – |
| Dean, B. C. | Sewer | 1/ 2/17 | 10.00 |
| Goodrich, R. B. | 12" Water Pipe | 12/ 5/69 | – |
| Hudson, K. A. | Sewer | 5/25/48 | – |
| Maple Grove, Inc. | Pipes | 3/31/69 | – |
| Murphy, B. J. | 6" Sewer | 9/16/67 | 10.00 |
| Passumpsic Tel. Co. | Conduit | 9/15/12 | 10.00 |
| Passumpsic Tel. Co. | " | 7/30/12 | – |
| Potvin, C. F. | Pipes | 8/10/82 | – |
| Riverside Lumber Co. | Water | 12/ 9/15 | 25.00 |
| Town of St. Johnsbury | 10" C.I.Pipe | 5/28/31 | – |
| Town of St. Johnsbury | 14" Water Pipe | 8/30/34 | – |
| Town of St. Johnsbury | 6" Tile Pipe | 9/11/34 | – |
| Town of St. Johnsbury | 8" Water Pipe | 10/15/58 | – |
| Town of St. Johnsbury | 10" Sewer | 5/20/63 | 17.00 |
| Town of St. Johnsbury | 20" Sewer | 5/20/63 | 10.00 |
| Town of St. Johnsbury | 3/4" Water Pipe | 10/15/66 | 20.00 |
| | | | 10.00 |

# EXHIBIT B

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT, made this 1st day of November, 1983, by and among Guilford Transportation Industries, Inc. ("Guilford"), a Delaware corporation, Maine Central Railroad Company ("MEC"), a Maine corporation, Lamoille Valley Railroad Company ("LVRC"), a Vermont corporation, and the State of Vermont ("Vermont"), acting through its agency of transportation.

WITNESSETH:

WHEREAS, LVRC and Vermont have opposed the control by Guilford of Boston and Maine Corporation ("B&M"); and

WHEREAS, certain issues raised by Vermont and LVRC are to be considered further by the Interstate Commerce Commission ("Commission") pursuant to a remand in <u>Lamoille Valley Railroad Company v. Interstate Commerce Commission</u>, 711 F.2d 295 (D.C. Cir. 1983); and

WHEREAS, the parties are desirous of resolving the disputes underlying this litigation and entering into certain arrangements pertaining to other related matters;

NOW, THEREFORE, the parties hereto, in consideration of the promises herein made and subject to the terms and conditions herein set forth, mutually agree as follows:

1. <u>Operating Agreement for line between Whitefield and St. Johnsbury</u>. MEC and LVRC will enter into a definitive agreement (the "Operating Agreement") for the operation by LVRC of MEC's line of railroad between Whitefield, New Hampshire and St. Johnsbury, Vermont (the "Line"). In addition to such terms and conditions as MEC and LVRC may deem to be appropriate, the Operating Agreement will contain the substance of the following provisions:

(a) As of the Effective Date (as defined below) of this Settlement Agreement, LVRC will pay MEC $200,000.

(b) During the term of the Operating Agreement, LVRC or any other operator which may be designated by Vermont will, at its own expense, maintain the Line in good condition and repair so that freight train operations can be conducted on the Line as warranted by traffic levels, in a safe, efficient and economical manner and in compliance with all federal and state laws and regulations.

(c) LVRC or any other operator which may be designated by Vermont will handle all traffic which moves on the Line, whether originating, terminating or overhead, for the account of MEC.

(d) MEC will pay LVRC or any other operator which may be designated by Vermont $300, subject to adjustment in accordance with the AAR materials index, for each loaded car so handled. There will be no charge for empty cars which are loaded or made empty on the Line.

-2-

(e) The service provided by LVRC or any other operator which may be designated by Vermont will be equal in all respects, including frequency, reliability and speed, to the service presently provided on the Line by MEC or as may be warranted by traffic levels and operating conditions from time to time.

(f) During the initial term of the Operating Agreement or any renewal thereof, MEC will retain the right to provide service on the Line; provided, however, that MEC will not exercise such right so long as LVRC or any other operator which may be designated by Vermont provides adequate service.

(g) LVRC or any other operator which may be designated by Vermont will use Guilford system cars for loading for any shippers located on the Line. In the event that such cars are not available, LVRC or any other operator may supply its own cars for loading.

(h) The initial term of the Operating Agreement will end as of December 31, 1988. At its option, LVRC or any other operator which may be designated by Vermont may renew the Operating Agreement for a maximum of four 10-year periods. Notwithstanding any other provision of the Operating Agreement, it will terminate as of June 30, 1984, unless such date is extended by Guilford, in the event that Vermont has not obtained the authority necessary to fulfill the obligations assumed in paragraph 5 below.

-3-

(i) Within two years after the Effective Date, LVRC may, at its option, terminate the Operating Agreement. During the period beginning on the second anniversary of the Effective Date and ending as of December 31, 1988, LVRC may, at its option, terminate the Operating Agreement if it handles less than 1,100 carloads on the Line in any calendar year. If LVRC so terminates the Operating Agreement prior to January 1, 1989, MEC will pay LVRC $200,000.

(j) LVRC's rights and obligations under the Operating Agreement will terminate in the event that (1) Vermont has advised LVRC and Guilford that LVRC has been in default under the terms of its lease to operate the line between St. Johnsbury, Vermont and Swanton, Vermont or has failed to renew its lease to operate that line or (2) Guilford or MEC has given LVRC notice that LVRC has breached any of its covenants, as specified in the Operating Agreement, such as failing to or becoming unable to provide service on the Line, and such breach has not been cured within 30 days of such notice. In the event that LVRC's rights and obligations under the Operating Agreement are so terminated, Vermont may designate a new operator in accordance with paragraph 2 below.

(k) Upon termination of the Operating Agreement, MEC or its designee will provide such service on the Line as may be warranted by traffic levels and operating conditions.

2. <u>Subsequent operator</u>.  In the event that, during the initial term of the Operating Agreement or any renewal thereof,

-4-

LVRC is declared by Vermont to be in default of its lease to operate the line between St. Johnsbury, Vermont and Swanton, Vermont, LVRC fails to renew its lease with Vermont with respect to the operation of that line or Guilford or MEC declares a default under the Operating Agreement, Vermont may, at its option, designate, subject to any regulatory approvals or exemptions that may be required, another operator to replace LVRC under the Operating Agreement; provided, however, that any such operator must be approved by Guilford, but such approval shall not be unreasonably withheld. The operator so designated by Vermont and approved by Guilford shall thereupon assume the rights and obligations of LVRC under the Operating Agreement. To the extent possible, Vermont will require any new operator to begin its operations as soon as LVRC ceases its operation in order to avoid interim operations by MEC or any other Guilford subsidiary. Vermont will indemnify and hold Guilford and MEC harmless for any interim operation of the Line which may become necessary by MEC or any other Guilford subsidiary by reason of the exercise by Vermont of the option granted under this paragraph 2.

3. **Labor protection.** Any labor protection costs in respect of MEC employees arising in connection with the operation of the Line by LVRC shall be borne by Guilford, and neither LVRC nor Vermont shall have any responsibility or obligation to pay any such costs. LVRC will use its best efforts to minimize any such costs. Such efforts will include offering to employ one of the MEC maintenance of way employees presently assigned to the Line.

4. <u>Mountain Division</u>.  Neither Vermont nor LVRC will object to or oppose in any way either an attempt by MEC to abandon its line of railroad known as the "Mountain Division" between Portland, Maine and Whitefield, New Hampshire or any change or alteration with respect to service on the Mountain Division.

5. <u>Bridges and grade crossings in Vermont</u>.  As of the effective Date or the date as of which Vermont obtains the authority required to fulfill its obligations set forth in this paragraph (if that occurs after the Effective Date), and continuing until the termination of the Operating Agreement, Vermont will assume all obligations for any public highway structures over Guilford system lines in Vermont and will maintain the surface (but not signals or track substructure) of any public highway grade crossings of Guilford system lines in Vermont.  Such structures and crossings existing at this time are identified in Schedule A attached, but the obligation of Vermont under this paragraph will apply as well to any such structures which may be constructed or crossings which may become signally protected in the future.

6. <u>Releases</u>.  As of the Effective Date, LVRC and Vermont will each execute and deliver to Guilford and MEC and their respective officers, directors and agents releases of claims which relate to transportation matters and which may have arisen or accrued prior to the Effective Date; provided, however, that Vermont will not be required to release any claims it may have against Guilford or MEC for taxes or any other such claims not related to transportation

matters. As of the Effective Date, Guilford and MEC will execute and deliver to LVRC and its officers, directors and agents releases of claims which relate to transportation matters and which may have arisen or accrued prior to the Effective Date.

   7. <u>Effective Date</u>. Except for paragraph 8 below, which will become effective upon execution and delivery of this Settlement Agreement, the other provisions of this Settlement Agreement and the Operating Agreement will become effective ("Effective Date") only upon the occurrence of both of the following conditions precedent:

   (a) The litigation by LVRC, Vermont and Eastern Magnesia Talc Company relating to the acquisition of B&M by Guilford, including the matter remanded to the Commission pursuant to <u>Lamoille Valley Railroad Company v. Interstate Commerce Commission</u>, 711 F.2d 295 (D.C. Cir. 1983), shall have been terminated and dismissed with prejudice by the Commission and any courts having jurisdiction over such matters.

   (b) This Settlement Agreement, the Operating Agreement and any transactions contemplated hereby or thereby shall have received such approval, if any, as may be required by the Commission, or shall have been exempted from approval, in either case by an order which has become final.

In the event that this Settlement Agreement becomes effective, the rights, obligations and agreements of the parties under paragraphs

-7-

4 and 6 above will survive notwithstanding any subsequent termination of the Operating Agreement.

8. <u>Immediate actions</u>. As promptly as possible after the execution and delivery of this Settlement Agreement, the parties will take all such actions as may be necessary and appropriate (a) to cause the Commission to defer any action on the remand referred to in paragraph 7(a) above, pending the occurrence of the Effective Date or the mutual agreement by the parties that the Effective Date will not occur, (b) to terminate and dismiss with prejudice any and all litigation by LVRC or Vermont, and to use their best efforts to have Eastern Magnesia Talc Company terminate and dismiss with prejudice any and all litigation by it, relating to the acquisition of B&M by Guilford and the remand referred to in paragraph 7(a) above, (c) to draft a mutually acceptable form of Operating Agreement, (d) to obtain the approval or exemption by the Commission, as necessary, of this Settlement Agreement, the Operating Agreement and the transactions contemplated hereby and thereby and (e) to obtain the authority necessary for Vermont to fulfill the obligations assumed in paragraph 5 above. In the event that LVRC and MEC are unable to draft a mutually acceptable form of Operating Agreement, the matters remaining in dispute may be submitted to binding arbitration. Each party will select an arbitrator, and the two arbitrators so chosen will select a third.

IN WITNESS WHEREOF, the parties hereto have put their hands and seals the day and year first above mentioned.

ATTEST:                             GUILFORD TRANSPORTATION
                                    INDUSTRIES, INC.
_____
                                    By_____
                                      Robert W. Anestis
                                      Executive Vice President


ATTEST:                             MAINE CENTRAL RAILROAD
                                    COMPANY
_____
                                    By_____
                                      John F. Gerity
                                      Vice Chairman of the Board


ATTEST:                             LAMOILLE VALLEY RAILROAD
                                    COMPANY
_____
                                    By_____
                                      Robert A. Gensburg
                                      President
                                    By_____
                                      Edward A. Lewis
                                      General Manager


ATTEST:                             STATE OF VERMONT
_____
                                    By_____
                                      Honorable Richard A. Snelling
                                      Governor

-9-

## SCHEDULE A

### Public Highway Structures and Grade Crossings

**I. Structures**

| | Town | Street or Route | Number |
|---|---|---|---|
| Maine Central | | | |
| B&M | St. Johnsbury | U.S. 2 | 131.08 |
| | Putney | | 72.08 |
| | Bellows Falls | Bridge St. | 83.80 |
| | Hartford | | 125.07 |
| | Hartford | | 125.36 |
| | Norwich | Vt. 10A | 127.24 |
| | Newbury | | 155.49 |
| | Newbury | Vt. 5 | 158.29 |
| | Newbury | Vt. 5 | 159.98 |

**II. Crossings**

| | Town | Street or Route |
|---|---|---|
| Maine Central | Lunenburg | Town Road |
| | Concord | Town Road |
| | Concord | Town Road |
| | Concord | Concord Trail |
| | Concord | Town Road |
| | Concord | Miles Pond Road |
| | Concord | Town Road |
| | Concord | Town Road |
| | Concord | Shadow Lake |
| | Concord | Town Road |
| | Concord | Town Road |
| | St. Johnsbury | Town Road |
| | St. Johnsbury | Town Road |
| | St. Johnsbury | State Highway |
| | St. Johnsbury | State Road |
| | St. Johnsbury | Portland Street |
| | St. Johnsbury | East Street |
| | St. Johnsbury | State Street |
| | St. Johnsbury | Ely Street |
| | St. Johnsbury | Concord Avenue |
| | St. Johnsbury | Elm Street |
| | St. Johnsbury | Portland Street |

**B&M**

| Town | Street or Route |
|---|---|
| Pownal | Station |
| Pownal | Main Street |
| Pownal | Bates |
| No. Pownal | Station Road |
| No. Pownal | Route 346 |
| Brattleboro | Bridge Street |
| Brattleboro | Brudies |
| Bellows Falls | Mill Street |
| Bellows Falls | Depot Street |
| Windsor | River Street |
| Windsor | Depot Street - CV owned B&M maintained |
| Windsor | Everett Lane - CV owned B&M maintained |
| Bartland | Route TH 55 - CV owned B&M maintained |
| White River Jct. | Nutt Street |
| Norwich | River Road |
| Thetford | Bridge Street |
| Thetford | Pavillion Road |
| Thetford | Pavillion Road |
| Nortboro | Bridge Road |
| Ely | Ely Crossing |
| Fairlee | Orford Street |
| Fairlee | Heath's Crossing |
| Bradford | Piermont Road |
| Bradford | Gove Street |
| Newbury | Bridge Road |
| Newbury | Darlings Road |
| Springfield | Route 5 |
| Putney | Depot Road |

-2-