UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
TWIN STATE RAILROAD              *
CORPORATION                      *
                                 *
            Plaintiff            *
                                 •          Civil Action
v.                               *
                                 •          04-12292 JLT
MAINE CENTRAL RAILROAD           *
COMPANY                          *
                                 *
            Defendant            *
*************************************
```

### NOTICE OF FILING

Twin State Railroad Corporation hereby gives notice that it has filed the Request for

Clarification attached hereto with the Surface Transportation Board.  Upon receipt of this Court's

Order of August 3, 2005, a representative of the Surface Transportation Board orally suggested to

the undersigned counsel that a response to the Court's Order would be facilitated by a request

from one of the parties.  Twin State Railroad Corporation's filing with the Surface

Transportation Board is in response to that suggestion.

TWIN STATE RAILROAD CORP.

By its attorneys,

Leonard M. Singer
BBO No. 464600
Craighead Glick
277 Dartmouth Street
Boston, Massachusetts  02116
(617) 859-8200

CERTIFICATE OF SERVICE

I. Leonard M. Singer, hereby certify that I served the foregoing on all parties. Such service was made by causing a copy of the foregoing to be electronically mailed to Katherine E. Potter Springfield Terminal Railway Company, Iron Horse Park, North Billerica, Massachusetts 01862 on September 1, 2005.

Leonard M. Singer

Before the

SURFACE TRANSPORTATION BOARD

Washington, DC

---

DOCKET NO. AB-862X

---

TWIN STATE RAILROAD COMPANY --
ADANDONMENT AND DISCONTINUANCE OF SERVICE
IN CALEDONIA AND ESSEX COUNTIES, VERMONT

---

**REQUEST FOR CLARIFICATION**

Leonard M. Singer
Glick and Associates PC
277 Dartmouth Street
Boston, Massachusetts 02116
(617) 859-8200

Counsel for the Twin State
Railroad Company, Inc.

Before the

SURFACE TRANSPORTATION BOARD

Washington, DC

---

DOCKET NO. AB-862X

---

TWIN STATE RAILROAD COMPANY --
ADANDONMENT AND DISCONTINUANCE OF SERVICE
IN CALEDONIA AND ESSEX COUNTIES, VERMONT

---

**REQUEST FOR CLARIFICATION**

Twin State Railroad Company, Inc. (Twin State) submits this request that the Surface
Transportation Board (the "Board") clarify its decision of October 12, 2004 (the "Decision") to
make it clear that the United States District Court for the District of Massachusetts is not
preempted from determining the rights of Twin State and Maine Central Railroad Company
("Maine Central") with respect to the railroad line at issue.

Facts

1.    Twin State filed a Verified Notice of Exemption pursuant to 49 C.F.R. 1152.50 in order

to abandon and discontinue service over approximately twenty route miles of rail line

between  St. Johnsbury, Vermont and Gilman, Vermont (the "Line").

2.    The caption of the Verified Notice of Exemption, its introduction and its statement of the

relief sought all referred to abandonment "and" discontinuance of service.  Twin State's

stated purpose for its Verified Notice of Exemption was "to be able to sell and/or salvage

the rails, ties and other track materials" on the Line.

3.  Maine Central filed a Reply to the Verified Notice of Exemption, arguing that Twin State could seek only discontinuance authority, not abandonment authority.  In support of its argument Maine Central relied upon the Lease between it and Twin State.

4.  In its Decision the Board acknowledged Maine Central's argument that Twin State was seeking discontinuance and not abandonment authority.  The Board recognized, however, that Twin State "has sought abandonment authority in this proceeding" and went on to state that it was "process[ingTwin State's] filing as one for authority to abandon the line."

5.  Following the Board's Decision, Twin State brought an action in the United States District Court for the District of Massachusetts seeking declaration, pursuant to the Lease between it and Maine Central, that the ties, track and other property on the Line were no longer required for performance of Twin State's duties under the Lease and that Twin State had the right to retire that property and retain any proceeds.  Twin State also asked the Court to otherwise declare the rights and liabilities of the parties under the Lease.

6.  Maine Central filed a Motion to Dismiss on the grounds that the Line had not been abandoned and, therefore, that the Board's authority over the line preempted the Court from deciding the questions presented to it by Twin State.

7.  The Court concluded that the Board's Decision was ambiguous, leaving the Court in doubt as to whether it had the authority to decide the questions presented to it by Twin State or whether, in the Court's words, they were preempted by the Decision.

8.  Accordingly, the Court issued an Order, a copy of which is attached hereto, asking the Board whether the Decision preempted the Court's power to decide the questions

presented to it by Twin State.  In its Order, the Court directed the parties to assist the

Board in resolving the questions presented to it by the Court.

9.       To assist the Board, as contemplated by the Court's Order, Twin State submits this

Request for Clarification.

Argument

Notwithstanding the Court's doubts, Twin State respectfully submits that the Board's

Decision is not ambiguous.  To remove the perceived ambiguity, it requests that the Board clarify

its Decision and confirm to the Court that it has granted authority to abandon the Line and, as a

result, the Court's power to decide the questions presented to it by Twin State is not preempted.

Twin State's belief that the Board's Decision grants authority to abandon the Line derives

from several sources.  First, Twin State unambiguously sought authority to abandon the Line.  Its

Verified Notice of Exemption cannot be read to seek only discontinuance authority.  The

Verified Notice of Exemption repeatedly refers to both abandonment and discontinuance.

Furthermore, Twin State's stated purpose in filing the Verified Notice of Exemption makes it

clear that it is seeking both abandonment and discontinuance authority.  Twin State's stated

purpose to remove the track could not be lawfully achieved if service over the Line were simply

discontinued.   Discontinuance authority allows a railroad only to cease operating a line for an

indefinite period while preserving the rail corridor for possible reactivation of service in the

future.  *J. Paul Preseault v. Interstate Commerce Commission*, 494 U.S. 1, 5 at n. 3 (1990).

Second, the Board's attention was specifically drawn to the distinction between

abandonment authority and discontinuance authority.  In its reply to the Verified Notice of

Exemption, Maine Central argued that, notwithstanding Twin State's request for abandonment

and discontinuance authority, the proper relief would be discontinuance authority only.  Maine

Central did not argue that the Board lacked the power to grant abandonment authority, it argued that granting abandonment of authority would be improper given the terms of the Lease between it and Twin State.[1]

In any event, the question of the scope of relief appropriate under the circumstances was squarely presented to the Board. Twin State requested both discontinuance and abandonment authority and Maine Central argued that only discontinuance authority would be appropriate.

Against this background, Twin State submits that the only reasonable reading of the Decision is that it grants both discontinuance and abandonment authority. Under those circumstances, the Court has the power to decide the issues presented to it by Twin State. *Hayfield Northern Railroad Co., Inc. v. Chicago & North Western Transportation Co.*, 467 U.S. 622, 632-33 (1984); *Wisconsin Central Ltd. v. Surface Transportation Board*, 112 F.3d 881 (7th Cir. 1997); *Maine Central Railroad Company--abandonment Exemption--in Androscoggin County, ME*, Docket No. AB-83 (Sub-No. 16X) (September 14, 2000).

Repeatedly throughout the Decision the Board refers to abandonment, not discontinuance of service. The caption refers to "abandonment" and the opening sentence recites that Twin State has filed "to abandon" the Line. The Board's order recites that "the abandonment of the line" is subject to various named conditions. And, if there remained any doubt, the Board says that it "has processed [Twin State's] filing as one for authority to abandon the line."

In addition to the evidence supplied by Verified Notice of Exemption, Maine Central's Reply and the Board's Decision itself, there can be no doubt that abandonment authority is

---

[1] Maine Central argued to the Massachusetts District Court that an adverse abandonment could not be accomplished through the exemption procedure. Because it did not pursue this objection by appealing from the Decision, the Decision is final, notwithstanding any procedural irregularities.

appropriate under the circumstances. The Line has been out of service for a number of years and the only shipper who might conceivably want rail service can be adequately served even after abandonment of the Line.[2] *Modern Handcraft, Inc.–Abandonment*, 363 I.C.C. 969, 972 (1981)("we will not allow our jurisdiction to be used to shield a carrier from the legitimate processes of state law while there is no overriding Federal interest to protect").

If anything is manifest, it is that there is no overriding federal interest to protect with respect to the Line. Under the circumstances, there is no reason to shield Maine Central from the legitimate processes of state law.

WHEREFORE, Twin State respectfully request that the Board clarify its Decision and advise the Court that the Court is free to adjudicate the matters which have been presented to it for decision.

Twin state railroad corporation

By its attorney,

Leonard M. Singer
Glick and Associates PC
277 Dartmouth Street
Boston, Massachusetts 02116
(617) 859-8200

## CERTIFICATE OF SERVICE

I, Leonard M. Singer, hereby certify that I served the foregoing on Maine Central Railroad Company. Such service was made by causing a copy of the foregoing to be mailed to Katherine E. Potter, Maine Central Railroad Company, One Iron Horse Park, Billerica, Massachusetts 01862 on September 1, 2005.

Leonard M. Singer

---

[2] The Line at issue extends west from the mill at Gilman to St. Johnsbury. The portion of the line extending east from the mill is unaffected by these proceedings.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TWIN STATE RAILROAD            *
CORPORATION,                   *
                               *
            Plaintiff,         *
                               *
       v.                      *          Civil Action No. 04-12292-JLT
                               *
                               *
MAINE CENTRAL RAILROAD         *
COMPANY,                       *
                               *
            Defendant.         *

ORDER

August 3, 2005

TAURO, J.

This court hereby orders that:

1.    <u>Defendant's Motion to Dismiss the Complaint</u> [#3] is DENIED WITHOUT

      PREJUDICE to refiling after the Surface Transportation Board ("STB") has

      answered the following questions:

      a.    Whether STB Docket No. AB-862X decided October 12, 2004, which

            states that "uncertainty" exists regarding Twin State Railroad's ("TSRR")

            "right to abandon and salvage the line," preempts any claim before this

            court by TSRR that "the ties, track, equipment and other property" on the

            railroad line running from Gilman, VT to St. Johnsbury, VT (the "Line")

            are no longer required for the performance of TSRR's duties pursuant to

            the Lease and Operating Agreement dated March 1, 1984 ("Lease") with

            Maine Central Railroad;

      b.      Whether the STB's abovementioned decision preempts any claim before this court by TSRR that it has the right to "retire" the ties, track, equipment and other property on the Line and "retain any proceeds therefrom" pursuant to the Lease with Maine Central Railroad; and

      c.      Whether the STB's abovementioned decision preempts any claim before this court by TSRR to "otherwise declare the rights and liabilities of the parties under the Lease";

2.      The STB shall attempt to advise this court of its answer to these questions within ninety (90) days of the date of this Order; and

3.      The Parties shall take such action as is necessary to assist the STB in resolving these questions as quickly as possible.

IT IS SO ORDERED.

                                        ___/s/ Joseph L. Tauro____
                                        United States District Judge

2