UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
TWIN STATE RAILROAD          )
CORPORATION                  )
                             )
       **Plaintiff,**          )
                             )
v.                           )   C.A. No. 04-12292-JLT
                             )
MAINE CENTRAL RAILROAD       )
COMPANY                      )
                             )
       **Defendant.**          )
_____)

**ANSWER**

    NOW COMES the Defendant, Maine Central Railroad Company and answers Plaintiff's Complaint as follows:

**COUNT ONE**

    1.    Defendant admits the allegations stated in Paragraph 1.

    2.    Defendant admits the allegations stated in Paragraph 2.

    3.    Paragraph 3 states a legal conclusion for which no response is required.

    4.    Defendant admits the allegations stated in Paragraph 4.

    5.    Defendant admits the allegations stated in Paragraph 5.

    6.    Defendant admits the allegations stated in Paragraph 6.

    7.    Defendant states that the Lease and Operating Agreement dated March 1, 1984 speaks for itself.

    8.    Defendant admits the allegation stated in the first sentence of Paragraph 8 and denies the remaining allegation in Paragraph 8.

9. Defendant admits the allegations stated in Paragraph 9.

10. Defendant admits the allegations stated in Paragraph 10.

11. Defendant states that the United States Surface Transportation Board decision dated October 12, 2004 speaks for itself.

12. Paragraph 12 states a legal conclusion for which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by its material breach of the terms and conditions of the Lease and Operating Agreement dated March 1, 1984.

### Third Affirmative Defense

The terms of the Lease and Operating Agreement are subject to the jurisdiction of the United States Surface Transportation Board.

## COUNTERCLAIM

NOW COMES the Counter-Plaintiff, Maine Central Railroad Company, and for its counterclaim states as follows:

### Statement of Case and Parties

1. Counter-Plaintiff, Maine Central Railroad Company ("Maine Central") is a Maine Corporation with its principal office located at Iron Horse Park, North Billerica, Massachusetts, 01862. Maine Central provides interstate rail freight service and is subject to the jurisdiction of the United States Surface Transportation Board ("STB").

2.      Counter-Defendant Twin State Railroad Corporation ("Twin State") is a Vermont Corporation having a principal place of business at 1022 East Wade Street, Trenton, Florida, 32693.

## Facts

3.      Maine Central entered into a Lease and Operating Agreement ("Lease") dated March 1, 1984, which conveyed to Twin State a leasehold interest in the line of railroad between Whitefield, New Hampshire and St. Johnsbury, Vermont and the right to use and operate the line of railroad.

4.      Pursuant to the terms of the Lease, Maine Central retained its fee simple interest in the line of railroad and its common carrier rights and obligations.

5.      The Lease was approved by the Interstate Commerce Commission ("ICC"), the predecessor to the STB, pursuant to 49 U.S.C. § 11343(a)(2) (1978) on May 16, 1984.

6.      On August 17, 2004, Twin State filed a Verified Notice of Exemption to the STB, pursuant to 49 C.F.R. 1152 Subpart F- *Exempt Abandonments*, seeking to abandon the line of railroad between Gilman, Vermont and St. Johnsbury, Vermont (the "Line") in order to salvage the rail, ties and other track materials (herein referred to as "the physical assets").

7.      In a decision served October 12, 2004 ("October decision"), the STB granted Twin State a conditional abandonment exemption subject to several conditions including the condition that Twin State "leave the line, track, ties and other track materials intact and undisturbed."

8.      This Court later referred the following three issues to the STB: (a) whether the STB's October decision preempts Twin State's claim that the Line's physical assets are no longer required for the performance of its duties pursuant to the Lease; (b) whether the STB's

October decision preempts Twin State's claim that it has the right to retire the Line's physical assets and retain the proceeds pursuant to the Lease; and (c) whether the STB's October decision preempts Twin State's claim requesting this court to declare the rights and liabilities of the parties under the Lease.

9. In a decision served November 18, 2005 ("November decision"), the STB (a) revoked the conditional abandonment exemption granted in the October decision; (b) granted discontinuance authority only to Twin State subject to the conditions previously imposed; (c) found that the physical assets underlying the Line may not be removed for salvage until the STB has authorized full abandonment; and (d) found that the Interstate Commerce Act preempts any court order allowing the removal of the Line's physical assets before full abandonment authority is issued.

## COUNT ONE

10. Maine Central repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. The Lease contains the following provision:

> During the term of this Agreement, [Twin State] shall operate the Line and shall provide train service which will be equal in all respects, including frequency, reliability and speed, to the service presently provided on the Line by [Maine Central] or such other manner of service as may be warranted by traffic levels and operating conditions as they may exist from time to time...

12. Twin State committed a material breach of the Lease and Operating Agreement by ceasing operation of the Line and by filing for authority from the STB to abandon and discontinue operations over the Line.

## COUNT TWO

13. Maine Central repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. The Lease contains the following provision:

> [Twin State] shall, at its own expense, maintain the Line in good condition and repair so that freight train operations can be conducted on the Line as warranted by traffic levels in a safe, efficient and economical manner and in compliance with all federal and state laws and regulations. Any property or materials used by [Twin State] to replace or repair any property or materials in the Line shall be of equal or better quality compared to the property or materials so replaced or repaired.

15. Twin State has failed to maintain the Line in good condition by allowing the Line to fall into disrepair.

16. Twin State filed for authority from the STB to abandon and discontinue operations in order to remove and salvage the physical assets of the Line which would have the effect of disrupting the physical line of railroad.

17. Twin State committed a material breach of the Lease and Operating Agreement by failing to maintain the Line in good condition and by filing for STB authority to abandon and discontinue operations in order to remove and salvage the physical assets of the Line.

## COUNT THREE

18. Maine Central repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. The Lease conveyed to Twin State the right to use and operate the Line.

20. Twin State sought and eventually attained authority from the STB to discontinue operations over the Line.

21.     The discontinuance granted to Twin State by the STB terminates the Lease and Twin State's rights under the Lease.

## PRAYER FOR RELIEF

WHEREFORE, Maine Central prays that this Court—

(1)     declare that Twin State violated a material term of the Lease due to its failure to maintain the Line in good condition and therefore has terminated its rights under the Lease;

(2)     declare that Twin State has violated a material term of the Lease because it sought authority to discontinue operations over the Line and therefore ceased operations and has terminated its rights under the Lease;

(3)     declare that the discontinuance granted by the STB terminates the Lease and Twin State's rights under the Lease; and

(4)     grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Alexandra B. Schmit*
Alexandra B. Schmit (BBO# 662942)
14 Aviation Avenue
Portsmouth, NH 03801
Tel. 603-766-2006
aschmit@bmairways.com

Robert B. Culliford (BBO# 638468)
14 Aviation Avenue
Portsmouth, NH 03801
Tel. 603-766-2004
rculliford@flypanam.com

Counsel for Defendant
*Maine Central Railroad Company*

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2006.

/s/ Alexandra B. Schmit
Alexandra B. Schmit