UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
TWIN STATE RAILROAD              *
CORPORATION                      *
                                 *
        Plaintiff                *
                                 •    Civil Action
v.                               *
                                 •    04-12292 JLT
MAINE CENTRAL RAILROAD           *
COMPANY                          *
                                 *
        Defendant                *
*************************************
```

**RESPONSE TO MOTION TO DISMISS**

Twin State Railroad Corporation ("Twin State") responds to Maine Central Railroad Company's ("Maine Central") Motion to Dismiss as follows.  Twin State does not oppose that this Civil Action be dismissed without prejudice to being refiled at such time as the Surface Transportation Board grants authority to abandon the line of railroad at issue.  Twin State does not dispute that entering such an order of dismissal is within this Court's discretion in this declaratory judgment action.  Twin State does not agree with the grounds set forth in Maine Central's Motion to Dismiss.

Twin State has never questioned that it needs two things in order to retire the railroad line at issue and retain the proceeds thereof for its benefit: (1) abandonment authority from the Surface Transportation Board[1] and (2) a declaration of its rights under its lease from Maine Central.  Nor is there any doubt that there is a substantial dispute between Twin State and Maine Central as to the extent of Twin State's rights under the lease.  Furthermore, the parties are

---

[1] Although at the time that it filed this action, it had abandonment authority from the Surface Transportation Board, the Board subsequently revoked that authority.

diverse and the amount in controversy is substantially in excess of $75,000. These facts are sufficient to create a case or controversy and to establish this Court's diversity jurisdiction. As the First Circuit has recognized, the Declaratory Judgment Act empowers a federal court to grant declaratory relief in a case of actual controversy by providing a remedy for disputes that come within the federal courts' jurisdiction on some other basis. *Ernst & Young v. Depositors Economic Protection Corporation*, 45 F.3d 530, 534 (1st Cir. 1995).

On the other hand, the Court ultimately must determine when declaratory judgments are appropriate and when they are not. Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief. *Id.* Although Twin State attempted to persuade this Court that the determination of its rights under the lease ought to go forward in parallel with the Surface Transportation Board's determination of abandonment authority[2], it acknowledges the Court's discretion to decide that the Court should stay its hand pending the grant of abandonment authority.

For the foregoing reasons, Twin State requests that Maine Central's Motion to Dismiss be denied and it assents to an order that this matter be dismissed without prejudice to its being

---

[2] By staying its hand, the Court avoids making an adjudication which might turn out to be unnecessary if the Surface Transportation Board refuses to grant abandonment authority. On the other hand, a decision to permit abandonment by the Surface Transportation Board could be made moot by this Court's decision that Twin State is not entitled to retire the line of railroad.

refiled at such time as the Surface Transportation Board acts.

                TWIN STATE RAILROAD CORP.

                By its attorneys,

                /s/ Leonard M. Singer
                Leonard M. Singer
                BBO 464600
                101 Arch Street
                Boston, Massachusetts 02110
                617-737-7670

## CERTIFICATE OF SERVICE

On June 26, 2006, I, Leonard M. Singer, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                /s/ Leonard M. Singer
                Leonard M. Singer